NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0167n.06

Nos. 22-5884/5912

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHELSEY NELSON; CHELSEY NELSON PHOTOGRAPHY LLC, | ) ) ) | |
| Plaintiffs - Appellees/ Cross - Appellants, | ) ) ) | **FILED** Apr 16, 2024 KELLY L. STEPHENS, Clerk |
| v. | ) ) | |
| LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION-ENFORCEMENT; LOUISVILLE AND JEFFERSON COUNTY HUMAN RELATIONS COMMISSION-ADVOCACY; VERNA GOATLEY, in her official capacity as Executive Director of the Louisville Metro Human Relations Commission - Enforcement; GLENDA BERRY, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; KEVIN DELAHANTY, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; LESLIE FAUST, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; ANDREA HOUSTON, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; CHARLES ROGERS, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; WILLIAM SUTTER, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement; LEONARD THOMAS, in their official capacities as members of the Louisville Metro Human Relations Commission-Enforcement, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY OPINION |
| Defendants - Appellants / Cross-Appellees. | ) ) ) ) | |

Before: STRANCH, BUSH, and MURPHY, Circuit Judges.

**PER CURIAM.**   Chelsey Nelson is the owner of the Louisville, Kentucky, based photography studio Chelsey Nelson Photography.  She brought suit against various local municipal bodies and officials, who we refer to collectively as "Louisville" or "the City," seeking injunctive, declaratory, and retrospective relief for injuries she allegedly suffered, or will imminently suffer, under the City's public accommodation laws.  These laws prohibit establishments that provide "goods or services to the general public" from discriminating on the basis of sexual orientation. Louisville, Ky., Metro Gov't Code of Ordinances §§ 92.01-02, 92.05.  They implicate Chelsey Nelson Photography's policy against providing services for same-sex weddings, which is rooted in Nelson's stated religious belief "that God ordained marriage to be a covenant between one man and one woman."

Nelson's lawsuit seeks prospective relief preventing Louisville from enforcing its public accommodation law against her and retrospective relief awarding her nominal and compensatory damages for the chilling effect the law has allegedly had on her protected speech.  The district court entered judgment for Nelson on her prospective claims, concluding that she faced a sufficiently imminent threat of enforcement to confer standing and that the law violated the First Amendment's Free Speech Clause.  *Chelsey Nelson Photography, LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 624 F. Supp. 3d 761, 797-804 (W.D. Ky. 2022).  It dismissed her retrospective claims for lack of standing, concluding that her compensatory damages claim failed for lack of causation and her nominal damages claim failed for lack of redressability.  *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 479 F. Supp. 3d 543, 553 (W.D. Ky. 2020).  The court also granted Nelson's motion to exclude the City's expert and denied her motion to supplement the summary judgment record after the close of discovery.  *Chelsey Nelson Photography*, 624 F. Supp. 3d at 797-800; R. 131, Order.

The parties each appealed elements of the district court's decisions. Louisville appealed the rulings on Nelson's claims for prospective relief and on the admissibility of its expert witness; Nelson cross-appealed the dismissal of her claims for retrospective relief, the denial of her motion to supplement the record, and the scope of relief the district court entered.

In the time between the district court's initial order and argument before this Court, three notable developments occurred. In March 2021, the Supreme Court decided *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021), holding that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." In April 2023, Nelson disclosed that she had "moved outside Kentucky." And in June 2023, the Supreme Court decided *303 Creative LLC v. Elenis*, 600 U.S. 570, 579-80, 588-89 (2023), holding that a Colorado public accommodation law violated the Free Speech Clause of the First Amendment as applied to a business that provided custom wedding websites.

These developments triggered three additional rounds of briefing in this court. At our direction, the parties filed supplemental briefs addressing the effect of *303 Creative* on this appeal. Louisville then filed a motion, predicated on Nelson's move, seeking remand of the case to the district court to dismiss Nelson's claims as moot or, in the alternative, to undertake further discovery and to enter new findings on the issue. Finally, in addition to opposing remand, Nelson filed a motion to supplement the appellate record with a declaration related to her move.

Given the intervening developments, in particular the "unsettled facts" introduced by Nelson's move to Florida, the "district court is best positioned to resolve" in the first instance the continued vitality of Nelson's claims. *FemHealth USA, Inc. v. Williams*, 83 F.4th 551, 557 (6th Cir. 2023). We therefore **GRANT** Louisville's motion to remand for further proceedings and **DENY** Nelson's motion to supplement the appellate record. We **VACATE** the district court's

dismissal of Nelson's claim for nominal damages and its denial of Nelson's motion to supplement the summary judgment record, and **REMAND** to the district court to address in the first instance whether Nelson's claims for injunctive relief are moot and whether under *Uzuegbunam* she can maintain her claim for nominal damages. We express no opinion on these issues, or on the merits of Nelson's claims. In the interim, we leave in place the injunction prohibiting Louisville from enforcing the Ordinance against Nelson.